**AFFIRMED and Opinion Filed April 23, 2024**



In the

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-23-00844-CV**
_____

**MATTHEW PETROSKI, Appellant**

**V.**

**KRISTIN RUTH ASH, Appellee**

**On Appeal from the County Court at Law No. 1**
**Rockwall County, Texas**
**Trial Court Cause No. 1-23-0674**

**MEMORANDUM OPINION**

Before Justices Reichek, Carlyle, and Miskel
Opinion by Justice Carlyle

Matthew Petroski appeals from a summary judgment granted in favor of Kristin Ruth Ash. We affirm in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

Mr. Petroski and Ms. Ash married in January 2020. Ms. Ash filed for divorce later that year, after which Mr. Petroski signed a promissory note agreeing to pay Ms. Ash certain sums of money as part of a partition agreement. The trial court ultimately entered an agreed divorce decree that incorporated the partition agreement and, in its division of property, provided both that the note was a debt owed by Mr. Petroski and that the proceeds of the note were property awarded to Ms. Ash.

Mr. Petroski defaulted on the note, and when Ms. Ash sued to collect on it, Mr. Petroski filed bankruptcy. As part of the bankruptcy proceedings, Mr. Petroski alleged for the first time that the partition agreement and note were invalid because he executed them under duress. The bankruptcy court advised Mr. Petroski that he would have to adjudicate his challenge to the partition agreement's validity in state court, so Mr. Petroski filed this suit seeking a declaratory judgment invalidating the agreement. The trial court granted summary judgment in Ms. Ash's favor, and Mr. Petroski filed this appeal.

Meanwhile, Ms. Ash's suit to collect on the note proceeded. The trial court in that case entered a summary judgment in Ms. Ash's favor. And based on that judgment, Ms. Ash filed a supplemental brief in this Court contending that Mr. Petroski's appeal is now moot. Because mootness implicates our subject matter jurisdiction, we must address that issue first.

Ms. Ash contends that, because another court has now issued a final judgment resolving the issue of whether the debt is enforceable, Mr. Petroski may no longer challenge the debt's validity. Consequently, she argues, there is no longer a live controversy between the parties, and Mr. Petroski's appeal is now moot. Ms. Ash conflates mootness with preclusion.

The fact that Mr. Petroski's suit may now be subject to preclusion is a matter of res judicata, not mootness. *See Hassell Constr. Co. Inc. v. Springwoods Realty Co.*, No. 01-17-00822-CV, 2023 WL 2377488, at *12 (Tex. App.—Houston [1st

–2–

Dist.] Mar. 7, 2023, pet. denied) (mem. op.) (noting that res judicata is an affirmative defense and does not render an appeal moot or otherwise affect subject matter jurisdiction). Res judicata is an affirmative defense that does not deprive a court of subject matter jurisdiction to determine any potentially precluded issues. *See id.*; 18 C. Wright, A. Miller, E. Cooper, Federal Practice and Procedure, § 4402 (3d ed. 2016) (in modern use, "res judicata" includes two doctrines formerly and "confusing[ly]" separated into res judicata, or claim preclusion, and collateral estoppel, or issue preclusion); *see also Lucky Brand Dungarees, Inc. v. Marcel Fashions Group, Inc.*, 590 U.S. 405, 411–12 (2020) (citing § 4402 and discussing the move to using res judicata to encompass both types of preclusion).

We turn to the merits of Mr. Petroski's appeal. Mr. Petroski contends the trial court erred by granting summary judgment because the divorce decree does not provide a basis for res judicata and because fact issues exist as to whether he executed the partition agreement under duress. But Ms. Ash's motion for summary judgment also argued that the trial court lacked authority to issue a declaratory judgment invalidating the debt Mr. Petroski owes to her because doing so would impermissibly alter the terms of the divorce decree's property settlement. *See* TEX. FAM. CODE § 9.007. Mr. Petroski does not address that argument on appeal.

When, as in this case, "a trial court's order granting summary judgment does not specify the grounds on which its order is based, the appealing party must negate each ground upon which the judgment could have been based." *Rosetta Res.*

*Operating, LP v. Martin*, 645 S.W.3d 212, 226 (Tex. 2022). Here, the trial court could have determined that it lacked authority to issue a declaratory judgment that would effectively modify the terms of the divorce decree's property division, regardless of whether res judicata applied. *See* TEX. FAM. CODE § 9.007. Because Mr. Petroski failed to address this independent ground, we affirm the trial court's summary judgment. *See Rosetta Res. Operating, LP*, 645 S.W.3d at 228.

230844F.P05

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

MATTHEW PETROSKI, Appellant

No. 05-23-00844-CV      V.

KRISTIN RUTH ASH, Appellee

On Appeal from the County Court at Law No. 1, Rockwall County, Texas Trial Court Cause No. 1-23-0674. Opinion delivered by Justice Carlyle. Justices Reichek and Miskel participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee KRISTIN RUTH ASH recover her costs of this appeal from appellant MATTHEW PETROSKI.

Judgment entered this 23rd day of April, 2024.